**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cr-20347-BLOOM**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

BINLEY CASTRO CHILLAMBO,

     Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE**
**RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

**THIS CAUSE** is before the Court on Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). *See* ECF No. [194]. The Government filed a Response in Opposition, ECF No. [195], to which Defendant filed a Reply, ECF No. [196]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

## I.  BACKGROUND

On April 27, 2018, a grand jury indicted Defendant and others with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 963. ECF No. [3]. Defendant pled guilty, and on August 16, 2024, was sentenced to 66 months' imprisonment followed by three years' supervised release. ECF Nos. [134], [155]. Defendant is serving his sentence at Miami FCI with an anticipated release date of December 7, 2026. *See* ECF No. [194] at 1; [195] at 2. On December 2, 2025, Defendant filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) arguing that

the United States Sentencing Commission's (U.S.S.G.) 2025 amendment regarding mitigating role adjustments in drug offenses applies to him and warrants a reduction in his sentence. *See* ECF No. [191]. The Government, in response, noted that the 2025 amendment, Amendment 833, is not retroactive [1] and thus does not apply to Defendant. *See* ECF No. [192]. The Court denied Defendant's Motion for Sentence Reduction on December 19, 2025. *See* ECF No. [193]. On January 9, 2026, Defendant filed the instant Motion asking the Court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* ECF No. [194].

## II.    LEGAL STANDARD

"Generally, a district court may not modify a term of imprisonment once imposed." *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). "The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is one such authorization. In order to grant a defendant's request pursuant to § 3582(c)(1)(A), the Court must first find that defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP"). *See United States v. Curtis*, 21-cr-10554, 2022 WL 2866669, at *1 (11th Cir. July 21, 2022) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The Court must then determine that "(1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) § 3553(a) sentencing factors weigh in favor of a reduction." *United States v. Giron*, 15 F.4th 1343, 1345-46 (11th Cir. 2021) (quoting 18 U.S.C.

---

[1] For a sentencing guideline amendment to have retroactive effect, the U.S.S.G. must expressly state the amendment applies retroactively. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (adopting a "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10([d]).") (citations omitted). Amendment 833 is not listed as retroactive. *See* U.S.S.G. § 1B1.10(d).

§ 3582(c)(1)(A)). If the district court finds that one of these three requirements is not met, it need not examine the others. *Id.* at 1348-50.

The Eleventh Circuit has held any reduction under § 3582(c)(1)(A) must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S.Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwanted disparities among defendants; and (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted,

but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

Under 18 U.S.C. § 3582(c)(1)(A), a Court may modify a term of imprisonment if (1) the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) ("Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional; it neither speaks in jurisdictional terms nor refers in any way to the jurisdiction of the courts.") (internal quotations and citations omitted).

The Government argues that Defendant's Motion should be denied without prejudice because he has not exhausted his administrative remedies. ECF No. [195] at 4. The Government states the Bureau of Prisons ("BOP") confirmed that Defendant has not filed any requests for compassionate release at Miami FCI. *Id.* Defendant disputes this and states he submitted a written compassionate release request to the Warden at Miami FCI on November 15, 2025. *See* ECF No. [196]. He argues he exhausted administrative remedies because over thirty days passed without any response before he filed his Motion. *Id.* Neither Defendant nor the Government submitted any documentation to confirm their positions regarding the administrative process.[2] Considering the

---

[2] Defendant notes that a copy of his written compassionate release request is attached to the Motion as Exhibit A. However, no exhibits were attached to his Motion. *See* ECF No. [194]. The Court need not address this discrepancy because the Court considers the Motion on its merits.

disagreement regarding administrative exhaustion, the Court proceeds to address Defendant's Motion on the merits.

### B. Extraordinary and Compelling Reasons

Defendant argues that the combination of Amendment 833, his limited role in the offense, his post-sentence rehabilitation efforts, and the "unusually large downward variance already granted by the Court" constitutes extraordinary and compelling reasons to warrant a sentence reduction. *See* ECF No. [194]. Defendant concedes that Amendment 833 is not retroactive. *Id.* However, he argues that Amendment 833 addresses "longstanding concerns" that defendants, like him, did not receive mitigating role deductions. *Id.* He states that there are compelling reasons for a sentence reduction because applying Amendment 833 to his role as outlined in the factual proffer would qualify Defendant for a different level mitigating role adjustment. *Id.* He also argues his rehabilitation efforts support a sentence reduction where he has a "clear disciplinary record"[3] and has participated in programming, work assignments, and earned a GED. *Id.* The Government responds that Defendant's Motion is essentially a motion for reconsideration of the Court's December 19, 2025 Order, which denied his Motion for Sentence Reduction because Amendment 833 is not retroactive. *See* ECF No. [195] at 4-5. The Government also argues that Defendant has not met his burden to show extraordinary and compelling reasons because he only advances arguments regarding his limited role in the offense and his rehabilitation efforts, which are not legitimate bases for compassionate release. *Id.* at 5. Defendant replies that the combination of factors when viewed cumulatively meets the "other reasons" provision of § 1B1.13(b)(5) to warrant release. *See* ECF No. [196].

---

[3] In Response, the Government states that Defendant has a December 2025 disciplinary infraction. *See* ECF No. [195] at 6. Defendant acknowledges the infraction but states it was "isolated" and "minor/resolved." *See* ECF No. [196] at 1.

Defendant seeks a sentence reduction pursuant to § 1B1.13(b)(5), which states extraordinary and compelling reasons exist for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [the preceding paragraphs], are similar in gravity to those described [above]." *See* U.S.S.G. § 1B1.13(b). "Section (b)(5), commonly referred to as the 'catchall provision,' recognizes that the Sentencing Commission could not possibly identify the myriad extraordinary and compelling reasons that might warrant a sentence reduction and that judges are in a unique position to determine what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence." *United States v. Smith*, 762 F.Supp.3d 1249, 1253 (S.D. Fla. 2024) (quoting *United States v. Nunez*, No. 23 CR 517, 2024 WL 4504493, at *3 (S.D.N.Y. Oct. 16, 2024)).

Here, the Court finds that the combination of Defendant's circumstances does not warrant release. Defendant's main argument is that Amendment 833, which is not retroactive, presents extraordinary and compelling reasons to reduce his sentence because Amendment 833, if applied retroactively, would reduce his sentence. *See* ECF No. [195]. Section 1B1.13 specifically precludes that argument. Section 1B1.13(c) states, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).[4] Crediting Defendant's argument that Amendment 833 applies to Defendant's conduct to establish extraordinary and compelling circumstances is expressly prohibited by the policy statement and would circumvent the U.S.S.G.'s determination of which

---

[4] An exception exists that permits consideration of gross sentencing disparities when a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment." *See* U.S.S.G. § 1B1.13(b)(6). Defendant does not meet that exception.

amendments apply retroactively. Accordingly, the Court does not find that Defendant's contention that he would have received a shorter sentence under Amendment 833 constitutes an extraordinary and compelling reason to reduce his sentence.[5]

Defendant's remaining reasons also do not rise to compelling and extraordinary circumstances. Though Defendant's rehabilitative efforts are commendable, they do not warrant a sentence reduction. *See* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason[. . .]. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."). Moreover, Defendant's argument that he already received an "unusually large downward variance," *see* ECF No. [194] at 1, confirms that the Court considered his role in the charged conduct at his original sentencing and is not a basis to further reduce the sentence. His rehabilitation efforts and reduced sentence do not constitute extraordinary and compelling reasons.

The Court declines to find that the combination of Defendant's rehabilitation, his downward variance in his original sentence, and his contention that applying Amendment 833 retroactively would reduce his sentence constitutes extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A). Accordingly, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant compassionate release. Because Defendant has not met this requirement under § 3582(c)(1)(A), the Court need not consider whether the § 3553(a) factors support relief. *See Giron*, 15 F.4th at 1345-46.

---

[5] Defendant cites to two cases to support his argument that the non-retroactivity of Amendment 833 creates a sentencing disparity warranting relief. *See* ECF No. [196]. However, the cases do not exist at the citations provided, nor is the Court aware of any cases that have granted relief on the basis.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [194]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 7, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Binley Castro Chillambo
12414-506
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177
PRO SE